Lanning M. Trueb, ABA No. 8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, Alaska 99501
Phone: 907.277.0161
Facsimile: 907.277.0164
E-mail: Lmtrueb@msn.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MICHAEL FALLEUR,<br><br>      Plaintiff,<br><br>  v.<br><br>ANTHONY WOOD,<br><br>      Defendant. | Case No. 3:19-cv-_____<br><br>COMPLAINT FOR NEGLIGENCE WITH JURY DEMAND |

Plaintiff alleges as follows:

## INTRODUCTION

1. This is a straightforward case involving a maritime collision caused when defendant's vessel, the F/V OLY, t-boned plaintiff's vessel, the F/V KRIAD II, at a high rate of speed near the mouth of the Naknek River in Bristol Bay, Alaska. At the time of the collision, the F/V OLY was traveling at an excessive speed, with the captain operating the vessel from the fly bridge using two separate steering controls to operate two separate engines. Despite best efforts, the F/V KRIAD II was unable to avoid being struck due to being boxed in by vessel traffic and drift gill nets on its port side. The collision significantly damaged the F/V KRIAD II, rendering it unseaworthy for the remainder of the fishing season. Through this lawsuit, plaintiff

**Complaint**
*Falleur v. Wood*                                                 Page 1 of 4

seeks recovery of vessel repair costs and lost fishing revenue that he suffered as a result of defendant's negligence. Plaintiff herein demands a jury in this action.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the plaintiff and defendant are citizens of different states.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the defendant's principle place of business and residency is within this district and the place of the collision occurred in this district.

## PARTIES

3. Plaintiff Michael Falleur is an individual residing in Gearhart, Oregon. At all relevant times, Mr. Falleur is and was the sole owner of the commercial fishing vessel, F/V KRIAD II.

4. Defendant Anthony Wood is an individual who, on information and belief, resides in King Salmon, Alaska. At all relevant times, defendant Wood is and was the sole owner of the commercial fishing vessel, F/V OLY.

## FIRST CLAIM FOR RELIEF
### (Negligence)

5. In the summer of 2017, the F/V KRIAD II was working the Bristol Bay commercial salmon fishery. On or about July 11, 2017, at approximately 7:30 p.m., the F/V KRIAD was traveling south, just north of the mouth of the Naknek River, on its way to deliver the day's catch. At the time, the F/V KRIAD II was in a line of approximately ten vessels all traveling in the same direction, and was flanked by drift gill nets on the port side.

**Complaint**
*Falleur v. Wood* Page 2 of 4

6. As the F/V KRIAD II approached the mouth of the river, the F/V OLY approached from the west at an excessive speed.

7. As the F/V OLY approached, the F/V KRIAD II was unable to adjust course due to being boxed in on three sides by drift gill nets and other vessels traveling in the same direction.

8. Rather than adjust its course or slow down to allow the F/V KRIAD II to pass, the F/V OLY continued traveling on a direct collision course at a high rate of speed.

9. As it became clear that the F/V OLY was not going to adjust its speed or course, plaintiff, who was captaining the F/V KRIAD II at the time, immediately increased his speed in an unsuccessful attempt to avoid being struck.

10. Despite plaintiff's efforts, the F/V OLY struck the F/V KRIAD II causing substantial damage.

11. At all material times, the master and crewman aboard the F/V OLY were employees and/or agents of defendant.

12. The collision of the two vessels was entirely the fault of the F/V OLY and its master and crew because: (a) the F/V OLY was traveling at an excessive speed; (b) the F/V OLY was traveling in a direction contrary to local custom and the flow of vessel traffic; (c) the captain of the F/V OLY was negligently operating the vessel from the fly bridge using two separate steering controls; and (d) the F/V OLY failed to make reasonable efforts to avoid the collision, including reducing its speed or modifying its course, despite ample opportunity to do so.

13. The collision caused significant damage to the F/V KRIAD II, including among other things, hull damage above and below the water line near the stern of the vessel. Due to the

**Complaint**
*Falleur v. Wood* Page 3 of 4

location and extent of the damage, the collision rendered the F/V KRIAD II unseaworthy for the remainder of the fishing season.

14. As a result of defendant's negligence described above, plaintiff suffered vessel repairs costs and related expenses, plus lost fishing revenue in an amount in excess of $140,000, which will be specifically proven at trial.

15. Plaintiff is entitled to recover his attorney's fees pursuant to Alaska R. Civ. P. 82.

WHEREFORE, plaintiff prays that this Court award the following relief:

1. For judgment in favor of plaintiff and against defendant;
2. For plaintiff's economic damages in the amount in excess of $140,000;
3. For plaintiff's costs, disbursements, and attorney's fees incurred herein; and
4. For such other relief as the court deems just and proper.

DATED this 25th day of March, 2019.

JOHNSON BEARD & TRUEB, PC
Attorneys for Plaintiff

*/s/ Lanning M. Trueb*
Lanning M. Trueb, ABA #8911083

**Complaint**
*Falleur v. Wood* Page 4 of 4